# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
JAMES BOLAND, et al.,                   )
                                        )
                 Plaintiffs,            )
                                        )
        v.                              )        Civil Action No. 10-0440 (ESH)
                                        )
M&S GENERAL CONSTRUCTION                )
CORPORATION,                            )
                                        )
                 Defendant.             )
_____ )
```

## MEMORANDUM OPINION

Before the Court is plaintiffs' motion for entry of default judgment. This case is an

action for legal and equitable relief under the Employee Retirement Income Security Act of 1974

("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29

U.S.C. § 1145. Defendant was served with the complaint on April 8, 2010, but has failed to

answer or otherwise defend this action. The Clerk of Court entered default on June 30, 2010.

Pursuant to the Court's July 7, 2010 Order directing plaintiffs to move for entry of judgment,

plaintiffs have moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).[1]

The determination of whether default judgment is appropriate is committed to the

discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). For default

judgment, defendant must be considered a "totally unresponsive" party and its default plainly

willful, reflected by its failure to respond to the summons and complaint, the entry of default, or

the motion for default judgment. *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL

---

[1] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1), and venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(C).

331721, at *1 (D.D.C. Mar. 20, 2000) (citing *Jackson*, 636 F.2d at 836).  Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied.  *Id.*

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain.  *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).  Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiffs: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.  The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment.  *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiffs have filed the declarations of David F. Stupar, Executive Director of the Bricklayers & Trowel Trades International Pension Fund ("the Fund") and an authorized representative to effect collections on behalf of the International Masonry Institute ("IMI"), and Charles V. Mehler III, Esq., in support of the motion for default judgment.  Based on the declarations, the Court finds that plaintiffs have established damages in the amounts of $9,207.05 in unpaid contributions to the Fund and IMI for work performed but not reported by defendant during the period July 2009 through December 2009, pursuant to 29 U.S.C.

§ 1132(g)(2)(A); $881.51 in interest on those unpaid contributions, pursuant to 29 U.S.C.

§ 1132(g)(2)(B); and $1,841.44 for liquidated damages assessed on unpaid contributions,

pursuant to 29 U.S.C. § 1132(g)(2)(C). In addition, plaintiffs are entitled to attorney's fees in the

amount of $2078.00 and costs in the amount of $602.00, pursuant to 29 U.S.C. § 1132(g)(2)(D).

Therefore, pursuant to 29 U.S.C. § 1132(g)(2), judgment will be entered for plaintiffs in

the amount of $14,610.00. A separate Order of judgment will accompany this opinion.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 22, 2010